# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Aldona B.,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0165** (Preston County 15-D-122)

**Nicholas S.,**
**Petitioner Below, Respondent**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Aldona B.,[1] pro se, appeals the January 24, 2017, order of the Circuit Court of Preston County denying her appeal from the October 20, 2016, order of the Family Court of Preston County that, inter alia, directed Respondent Nicholas S. to pay one-half of petitioner's prenatal and birth expenses in the amount of $2,115.11.[2] Respondent, pro se, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties never married, but have a three-year-old child together. On May 14, 2015, the West Virginia Bureau of Child Support Enforcement ("BCSE") filed an action to establish the child's paternity and respondent's child support obligation. Although the BCSE initiated the action, petitioner has not received financial assistance from the State of West Virginia. Rather, the BCSE filed the action at respondent's request.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In the October 20, 2016, order, the family court also set respondent's monthly child support obligation, the amount of which neither party appeals.

1

After the initial hearing, the BCSE no longer participated in the case; however, the parties continued the litigation. Genetic testing confirmed that respondent is the father of petitioner's child. On October 20, 2016, the family court held a final hearing with regard to child support issues including petitioner's request that respondent reimburse her prenatal and birth expenses. The family court heard extensive testimony "from the parties regarding their respective incomes" and found that the testimony accurately reflected each party's actual earnings. The family court found that petitioner had a limited income and should not have additional income attributed to her because of the child's young age. However, the family court further found that respondent's income included earnings from tips and "fluctuated quite a bit." Therefore, the family court ruled that respondent was responsible for only one-half of petitioner's prenatal and birth expenses in the amount of $2,115.11.

Petitioner sought review of the family court's ruling regarding her prenatal and birth expenses before the circuit court. The circuit court denied petitioner's appeal by order entered on January 24, 2017. The circuit court rejected petitioner's argument that she was entitled to full reimbursement of the prenatal and birth expenses by respondent pursuant to this Court's decision in *State ex rel. West Virginia Department of Health and Human Resources v. Carpenter*, 211 W.Va. 176, 564 S.E.2d 173 (2002). The circuit court distinguished *Carpenter* because, in that case, there was a prior determination that the mother was unable to reimburse the State for those expenses and, therefore, it was not improper to direct that the father pay the full amount if he was otherwise able to do so. In this case, because the ability to pay of both petitioner and respondent was not determined until the October 20, 2016, final hearing, the circuit court found that the family court properly proportioned the prenatal and birth expenses between the parties based on their testimony regarding their respective incomes. Accordingly, the circuit court concluded that the family court did not err in finding that respondent was responsible for only one-half of petitioner's prenatal and birth expenses.

Petitioner now appeals from the circuit court's January 24, 2017, order. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). West Virginia Code §§ 48-24-104(a) and (e) provide that prenatal and birth expenses are recoverable in a paternity action. In syllabus point 1 of *Kathy L. B. v. Patrick L. B.*, 179 W.Va. 655, 371 S.E.2d 583 (1988), we found that a mother "may" be awarded such expenses from the child's natural father.

On appeal, petitioner argues that, pursuant to our decision in *Carpenter*, the family court was required to direct respondent to reimburse her for the full amount of the prenatal and birth expenses. Respondent counters that petitioner's argument is without merit. We agree with respondent and find that the situation we faced in *Carpenter* is distinguishable from the instant

2

case. Unlike the mother in *Carpenter*, petitioner never received assistance from the State based on a determination of her financial need. Moreover, even when the mother receives financial assistance, as we found in *Carpenter*, before a court directs the father to reimburse the full amount of the prenatal and birth expenses, it is necessary to determine each party's ability to pay. *See* 211 W.Va. at 183, 564 S.E.2d at 180 (remanding that case for a hearing to determine the father's ability to pay). The ability to pay of both petitioner and respondent was not determined until the October 20, 2016, final hearing, when the family court heard testimony regarding their respective incomes.

Because the family court was able to observe each party's demeanor while testifying and judge their credibility, we give substantial deference to its findings. *See State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (finding that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact"). Upon our review of the record herein, we find no cause to disturb the family court's ruling that respondent is responsible for only one-half of petitioner's prenatal and birth expenses in the amount of $2,115.11.

For the foregoing reasons, we affirm the circuit court's January 24, 2017, order denying petitioner's appeal from the family court's October 20, 2016, order that directed respondent to pay one-half of her prenatal and birth expenses in the amount of $2,115.11.

Affirmed.

**ISSUED:** February 2, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3